**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **COSME CESAR ECUDERO-AVILES,** et al., | : | Civil No. 1:11-CV-1858 |
| | : | |
| Plaintiffs, | : | (Chief Judge Kane) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| | : | |
| **MILTON HERSHEY SCHOOL,** | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

> **I.     Statement of Facts and of the Case**

This matter comes before the Court for screening review of a *pro se* civil action. On October 7, 2011, the plaintiffs, Cosme Cesar Escudero-Aviles, and Sylvia Aviles-Escudero, filed a *pro se* complaint with this Court. (Doc. 1) This complaint recited that the plaintiffs and the defendant, Milton Hershey School are both citizens of Pennsylvania, (id.), and contains a detailed 38-page, 247-paragraph recital regarding various alleged state torts committed by the Milton Hershey School against the plaintiffs in the course of what is described as the May 2009 expulsion of Cesar Escudero-Aviles from that school. Thus, on the face of the complaint, this pleading

only articulates state law claims in a lawsuit that between two residents of Pennsylvania. (Id.)

While the complaint is, on its face, a state lawsuit between two Pennsylvania citizens, at the conclusion of the complaint the plaintiffs have added a handwritten notation that they "will complete later" various federal civil rights claims. (Id.) Those civil rights claims are not further articulated in any meaningful way in this pleading.

Along with this complaint, the plaintiffs filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) For the reasons set forth below, we will GRANT this motion for leave to proceed *in forma pauperis* (Doc. 2) but recommend that the Court dismiss the complaint for failure to state a claim upon which relief can be granted without prejudice to allowing the plaintiffs to attempt to correct the deficiencies noted in this report and recommendation by filing an amended complaint.

**II.    Discussion**

**A.    Screening of *Pro Se In forma Pauperis* Complaints–Standard of Review**

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim

upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel,

Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." Id. at 1949.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Applying these standards, we find that this complaint, in its present form, is subject to summary dismissal.

  **B.** **The Plaintiff's Current Complaint Fails to State a Claim Upon Which Relief Can be Granted**

Judged against these standards, the current *pro se* complaint fails to state a claim upon which relief can be granted. It is well-settled that federal courts are courts of limited jurisdiction. In fact, in its current form, the plaintiffs' complaint simply does not allege facts which would permit this court to exercise jurisdiction over this particular dispute.

As a general rule, there are two primary grounds for federal district court jurisdiction over a civil lawsuit. First, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States." 28 U.S.C. § 1332(a)(1). This ground of federal jurisdiction, known as diversity jurisdiction, simply does not provide a basis for exercising jurisdiction in this particular case since the complaint recites that the plaintiffs and the defendant are all citizens and residents of Pennsylvania. Given that the complaint reveals on its face that this lawsuit is not between citizens of different states, the plaintiffs may not invoke diversity jurisdiction in this matter.

The second principal ground for invoking the jurisdiction of a federal court is known as federal question jurisdiction. Under this ground of jurisdiction, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. While it appears that the plaintiffs may wish to invoke federal jurisdiction on these grounds, citing federal civil rights violations, their complaint which merely asserts that they "will complete later" various federal civil rights claims, simply does not meet the requirements prescribed by law for a federal lawsuit, since "the facts alleged in the complaint are [not] sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 210-11. Indeed, at present, the complaint does not even

contain "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which] do not suffice." Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937, 1949 (2009). Rather, the complaint merely alleges that a recital of a federal claim will follow later. This bare allegation is inadequate to invoke federal jurisdiction.

Indeed, the plaintiffs' assertion that they will complete their complaint "later" exposes another potential deficiency in this pleading. This complaint was filed on October of 2011, but appears to relate to matters occurring more than two years ago, in May of 2009. Thus, the complaint may also be deficient because it brings claims that are so old that they are barred by the statute of limitations. When conducting a screening review of a *pro se* complaint under 28 U.S.C. § 1915, a court may consider whether the complaint is barred under the applicable statute of limitations. As the United States Court of Appeals for the Third Circuit recently explained when it affirmed the screening dismissal of a *pro se* complaint on statute of limitations grounds:

> Civil rights claims are subject to the statute of limitations for personal injury actions of the pertinent state. Thus, Pennsylvania's two year statutory period applies to [these] claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir.2000). The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256 Fed.Appx. 563, 564-65 (3d Cir.2007). Although we have not addressed the issue in a precedential decision, other courts have held that although the statute of limitations is an affirmative defense, district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is

obvious from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir.2006) (citation omitted)(finding that a district court's screening authority under § 1915(e) "differentiates in forma pauperis suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered sua sponte.").

Smith v. Delaware County Court, 260 F. App'x. 454, 455 (3d Cir. 2008); see also Jackson v. Fernandez, No. 08-5694, 2009 WL 233559 (D.N.J. Jan. 26, 2009); Hurst v. City of Dover, No. 04-83, 2008 WL 2421468 (D. Del. June 16, 2008).

Applying these standards, we find that a number of the allegations in this *pro se* complaint appear to be subject to dismissal on statute of limitations grounds. Specifically, this complaint, which relates to events that are alleged to have occurred prior to and during May of 2009, was first filed on October 7, 2011. Therefore, with respect to those events which are alleged to have occurred in May 2009, the complaint may simply be time-barred by the two-year statute of limitations generally applicable to civil rights matters.

It is well-settled that claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). In Pennsylvania, the statute of limitations for a personal injury action, or other tort actions, is two years. 42 Pa.C.S.. § 5524. A cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. Sameric Corp. of

9

Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also Nelson v. County of Allegheny, 60 F.3d 1010 (3d Cir. 1995).

While this two-year limitations period may be extended based upon a continuing wrong theory, a plaintiff must make an exacting showing to avail himself of this grounds for tolling the statute of limitations. For example, it is well settled that the "continuing conduct of [a] defendant will not stop the ticking of the limitations clock [once] plaintiff obtained requisite information [to state a cause of action]. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) (quoting Kichline v. Consolidated Rail Corp., 800 F.2d 356, 360 (3d Cir. 1986)). See also Lake v. Arnold, 232 F.3d 360, 266-68 (3d Cir. 2000). Instead:

> The continuing violations doctrine is an "equitable exception to the timely filing requirement." West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir.1995). Thus, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1295 (3d Cir.1991). In order to benefit from the doctrine, a plaintiff must establish that the defendant's conduct is "more than the occurrence of isolated or sporadic acts." West, 45 F.3d at 755 (quotation omitted). Regarding this inquiry, we have recognized that courts should consider at least three factors: (1) subject matter-whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency-whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act

> would continue even in the absence of a continuing intent to discriminate. <u>See id.</u> at 755 n. 9 (citing <u>Berry v. Board of Supervisors of Louisiana State Univ.</u>, 715 F.2d 971, 981 (5th Cir.1983)). The consideration of "degree of permanence" is the most important of the factors. <u>See</u> <u>Berry</u>, 715 F.2d at 981.

<u>Cowell v. Palmer Township</u>. 263 F.3d 286, 292 (3d Cir. 2001)

In this case, the plaintiffs complain about the expulsion of Cesar Escudero-Aviles from the Milton Hershey School in May 2009. To the extent that these actions entailed a violation of the plaintiffs' constitutional rights, that violation would have been apparent when it first occurred, and would have long ago had a degree of permanence which should have triggered the plaintiff's awareness of her duty to assert her rights. Thus, in this case a straightforward application of the two-year statute of limitations may also compel dismissal of these claims as untimely.

        **C.**    **This Complaint Should be Dismissed Without Prejudice**

In sum, in its current form this complaint fails to properly invoke federal jurisdiction and may entail time-barred allegations. While this screening merits analysis calls for dismissal of this action in its current form, we recommend that the plaintiffs be given another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint. We recommend this course mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, <u>see</u> <u>Fletcher-Hardee Corp. v. Pote Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir.

11

2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, it is recommended that the Court provide the plaintiffs with an opportunity to correct these deficiencies in the *pro se* complaint, by dismissing this deficient complaint at this time without prejudice to one final effort by the plaintiffs to comply with the rules governing civil actions in federal court.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion for leave to proceed *in forma pauperis* be GRANTED (Doc. 2), but that the plaintiffs' complaint be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the defendant acts within 20 days of any dismissal order.

> The Parties are further placed on notice that pursuant to Local Rule 72.3:
>
> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however,

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 13th day of October 2011.

                                              ***S/Martin C. Carlson***
                                              Martin C. Carlson
                                              United States Magistrate Judge