**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **COSME CESAR ESCUDERO-AVILES,** | : | **Civil N. 1:11-CV-1858** |
| **et al.,** | : | |
| | : | |
| **Plaintiffs** | : | **(Chief Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **MILTON HERSHEY SCHOOL,** | : | |
| | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

### I.     Statement of Facts and of the Case

This matter comes before the Court for a second screening review of a *pro se* civil action.

On October 7, 2011, the plaintiffs, Cosme Cesar Escudero-Aviles, and his mother, Sylvia Aviles-Escudero, filed an initial *pro se* complaint with this Court. (Doc. 1)  This complaint recited that the plaintiffs and the defendant, Milton Hershey school are both citizens of Pennsylvania, (id.), and contained a 38-page, 247-paragraph recital regarding various alleged state torts committed by the Milton Hershey School against the plaintiffs in the course of what is described as the May 2009 expulsion of Cesar Escudero-Aviles from that school.  Thus, on the face of the

1

complaint, this pleading only articulated state law claims in a lawsuit between two residents of Pennsylvania, and only alleged claims relating to matters which had occurred more than two years ago. (Id.)  While the complaint was, on its face, a state lawsuit between two Pennsylvania citizens, at the conclusion of the complaint the plaintiffs added a handwritten notation that they "will complete later" various federal civil rights claims. (Id.)  Those civil rights claims were not further articulated in any meaningful way in this pleading.

Along with this complaint, the plaintiffs filed a motion for leave to proceed *in forma pauperis*. (Doc. 2)  On October 13, 2011, upon a screening review of this complaint, we filed a report and recommendation which recommended that the Court grant the plaintiffs leave to proceed *in forma pauperis,* (Doc. 2), but recommended that the Court dismiss the complaint for failure to state a claim upon which relief can be granted without prejudice to allowing the plaintiffs to attempt to correct the deficiencies noted in this report and recommendation by filing an amended complaint. We recommended this course noting with respect to the state law claims made by the plaintiffs that this case involved parties who were all residents of Pennsylvania and did not give rise to federal diversity jurisdiction.  We also observed that the allegations in the complaint, which related to events occurring more than two years

earlier, now seemed time-barred.(Doc.4)  Without objection, the district court adopted this report and recommendation. (Doc. 5)

The plaintiffs have now filed an amended complaint.  This amended complaint is a 45-page, 285-paragraph pleading, which is accompanied by 78 pages of exhibits. While a longer document than the initial complaint, the amended complaint is in some ways less factually detailed than the original complaint.  For example, the amended complaint recites the same basic allegations relating to actions that the original complaint alleged transpired at the Milton Hershey School through May of 2009, but now deletes the dates of these events.  The complaint also persists in asserting a series of state tort claims, state claims that we previously concluded this Court could not entertain since all of the parties in this case are residents of Pennsylvania and diversity jurisdiction is lacking.  The amended complaint also purports to assert a number of federal civil rights claims, most of which are either: (1) premised on the assertion that the Milton Hershey School, a private educational institution, is a "state actor" under federal civil rights laws; or (2) relate entirely to events which the plaintiffs previously alleged occurred beyond the two-year statute of limitations generally applicable to federal civil rights actions, and state law torts.

For the reasons set forth below, it is recommended that this amended complaint also be dismissed.

## II.    Discussion

### A.    Screening of *Pro Se In forma Pauperis* Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, 28 U.S.C. § 1915(e)(2)(B)(ii) enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all

4

reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff.  Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged."  Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do."  Id. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss.  In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 1950.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." Id. at 1949.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations  sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

6

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Applying these standards, we find that this complaint, in its present form, is subject to summary dismissal.

**B.     The Plaintiffs' State Tort Claims May Not Be Brought in Federal Court Because There is No Diversity Jurisdiction Over Those Claims**

Judged against these standards, the current *pro se* complaint fails to state a claim upon which relief can be granted. It is well-settled that federal courts are courts of limited jurisdiction. Therefore, we can only exercise jurisdiction over a case to the extent that Congress has expressly conferred jurisdiction upon the courts.

In this case, in its current form, the plaintiffs' amended complaint still does not allege facts which would permit this Court to exercise jurisdiction over this particular

dispute.  For the most part, the amended complaint in this case alleges state torts such as negligence, (Doc. 6., p. 36); fraudulent misrepresentations, (Doc. 6, p. 38); breach of fiduciary duty (Doc. 6, p. 40); unlawful imprisonment, (Doc. 6., p.41); and negligent infliction of emotional harm. (Doc,. 6, p. 42).  Yet, while pursuing these state law claims, the plaintiffs acknowledge in their amended complaint that all of the parties to this action are citizens and residents of Pennsylvania.

This is a fatal flaw in terms of the federal courts exercising jurisdiction over these state law matters.  As a general rule, there are two primary grounds for federal district court jurisdiction over a civil lawsuit.  First, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States." 28 U.S.C. § 1332(a)(1).  This ground of federal jurisdiction, known as diversity jurisdiction, simply does not provide a basis for exercising jurisdiction in this particular case since the amended complaint continues to recite that the plaintiffs and the defendant are all citizens and residents of Pennsylvania.  Given that the complaint reveals on its face that this lawsuit is not between citizens of different states, the plaintiffs may not invoke diversity jurisdiction in this matter, and this complaint, which is premised on state law claims, should be dismissed.[1]

_____

[1]To the extent plaintiffs believe that they have timely and meritorious state-law claims against the Milton Hershey School, which have not been previously presented to the state courts, they should seek to advance those claims in state

### C.    The Plaintiffs' Federal Civil Rights Claims in the Amended Complaint Fail

The second principal ground for invoking the jurisdiction of a federal court is known as federal question jurisdiction. Under this ground of jurisdiction, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. While it appears from the amended complaint that the plaintiffs may wish to invoke federal jurisdiction on these grounds, citing federal civil rights violations, for the reasons set forth below, their federal civil rights complaints also fail.

### 1.    The Plaintiffs Have Not Sufficiently Alleged State Action in this Case

To the extent that this amended complaint seeks to assert federal civil rights claims, the amended complaint fails on a number of grounds.  At the outset, in this amended complaint the plaintiffs seek to sue a private school for allegedly violating their federal civil rights through conduct on the part of the private school that the plaintiffs invite us to treat as state action.  We should decline this invitation, since the plaintiffs may not bring such claims against a private school on the theory that it is a state actor pursuant to the principal federal civil rights statute, 42 U.S.C. §1983.

It is well-established that § 1983 does not by its own force create new and independent legal rights to damages in civil rights actions.  Rather, § 1983 simply

court.

serves as a vehicle for private parties to bring civil actions to vindicate violations of

separate, and pre-existing, legal rights otherwise guaranteed under the Constitution

and laws of the United States. Albright v. Oliver, 510 U.S. 266, 271 (1994); Graham

v. Connor, 490 U.S. 386, 393-94 (1989). Therefore, any analysis of the legal

sufficiency of a cause of action under § 1983 must begin with an assessment of the

validity of the underlying constitutional and statutory claims advanced by the plaintiff.

> In this regard, it is also well-settled that:
>
> Section 1983 provides a remedy for deprivations of federally protected
> rights caused by persons acting under color of state law. The two
> essential elements of a § 1983 action are: *(1) whether the conduct
> complained of was committed by a person acting under color of state
> law*; and (2) whether this conduct deprived a person of a federally
> protected right. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Boykin v. Bloomsburg University of Pennsylvania, 893 F.Supp. 409, 416 (M.D.Pa.

1995), aff'd 91 F3d 122 (3d Cir. 1996)(emphasis added).  Thus, it is essential to any

civil rights claim brought under § 1983 that the plaintiff allege and prove that the

defendant was acting under color of law when that defendant allegedly violated the

plaintiff's rights.  To the extent that a complaint seeks to hold private parties liable for

alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C.

§ 1983 since the statute typically requires a showing that the defendants are state

actors. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

This principle applies with particular force to civil rights plaintiffs who may invite the courts to consider federal civil rights lawsuits against private schools, like the Milton Hershey School, on the theory that these private schools are state actors. With respect to the state-action requirement in this particular factual context, it is well-settled that the activities of a private school do not ordinarily constitute state action under §1983. See Robert S. v. Stetson School, 256 F.3d 159 (3d Cir. 2001) citing, Rendell-Baker v. Kohn, 470 U.S. 830 (1982).

The plaintiffs attempt to avoid the impact of this settled case law, which prevents application of §1983 to private school activities, by citing the fact that the Milton Hershey School, while private, is regulated by the state. (Doc. 6, ¶¶221-235) These efforts are unavailing, however.  Quite the contrary, it is clear that the fact that private parties who provide services to children are closely regulated by the state does not, by itself, convert these private parties into state actors for purposes of federal civil rights liability. See Leshko v. Servis, 423 F.3d 337 (3d Cir. 2005)(foster parents are not state actors under §1983 despite state regulation).  Indeed, consistent with this settled case law, courts have specifically found that the Milton Hershey School, a private educational institution, which operates subject to some state regulation and oversight is not a state actor for purposes of civil liability under  §1983. Banks-Bennett v. O'Brien, No. 07-1785, 2007 WL 4556672 (M.D. Pa. Dec. 2007), affirmed, Banks-Bennett v. O'Brien, 293 F. App'x 108 (3d Cir. 2008).

Since the essential element of state action is entirely absent in this case, Counts VI, VII and IX of the plaintiffs' amended complaint, which raise constitutional civil rights claims that require a threshold showing of state action, all fail as a matter of law.[2]

### 2.   Absent the Assertion of Well-Pleaded Facts, All of These Claims Remain Time-Barred

The original complaint in this case was filed on October of 2011, but contained factual recitals that related to matters occurring more than two years ago, in May of 2009. (Doc. 1)  Given that the well-pleaded facts in the complaint all entailed conduct occurring more than two years ago, when we filed our initial report and recommendation on October 13, 2011, we observed that the complaint may also be deficient because it brings claims that are so old that they are barred by the two-year statute of limitations which applies to civil rights claims and state tort claims (Doc. 4)  While the plaintiffs were given leave to amend their complaint to address these deficiencies, the amended complaint which they have now filed (Doc. 6) seems to merely recite the same facts relating to events occurring in May of 2009, and earlier,

---

[2]In addition we note that Count IX of the plaintiffs' complaint appears to be premised on some form of constitutional right to education. (Doc. 6, ¶¶283-285) The plaintiffs cite no such constitutional basis for claiming a right to a private education like that provided at the Milton Hershey School, and we can discern no such right in the United States Constitution.

but now simply deletes the dates of those events and asserts in a summary fashion that the complaint is filed within the statute of limitations. (Doc. 6, ¶2)

In our view this expedient of deleting what were previously identified as dates that fell beyond the statute of limitations from this amended complaint is not sufficient to save time-barred claims from dismissal.  When conducting a screening review of a *pro se* complaint under 28 U.S.C. § 1915, a court may consider whether the complaint is barred under the applicable statute of limitations.  As the United States Court of Appeals for the Third Circuit recently explained when it affirmed the screening dismissal of a *pro se* complaint on statute of limitations grounds:

> Civil rights claims are subject to the statute of limitations for personal injury actions of the pertinent state. Thus, Pennsylvania's two year statutory period applies to [these] claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir.2000). The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256 Fed.Appx. 563, 564-65 (3d Cir.2007). Although we have not addressed the issue in a precedential decision, other courts have held that although the statute of limitations is an affirmative defense, district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir.2006) (citation omitted)(finding that a district court's screening authority under § 1915(e) "differentiates in forma pauperis suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered sua sponte.").

Smith v. Delaware County Court 260 F. App'x. 454, 455 (3d Cir. 2008); see also Jackson v. Fernandez, No. 08-5694, 2009 WL 233559 (D.N.J. Jan. 26, 2009); Hurst v. City of Dover, No. 04-83, 2008 WL 2421468 (D. Del. June 16, 2008).

Applying these standards, we find that the allegations in this *pro se* complaint still appear to be subject to dismissal on statute of limitations grounds.  Specifically, this complaint, which relates to events that are alleged to have occurred prior to and during May of 2009, was first filed on October 7, 2011.  Therefore, with respect to those events, which were initially alleged to have occurred on or before May 2009, the complaint is time-barred by the two-year statute of limitations generally applicable to civil rights matters.

It is well-settled that claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 266-67 (1985).  In Pennsylvania, the statute of limitations for a personal injury action, or other tort actions, is two years. 42 Pa.C.S.. § 5524.  A cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action.  Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also Nelson v. County of Allegheny, 60 F.3d 1010 (3d Cir. 1995).

While this two-year limitations period may be extended based upon a continuing wrong theory, a plaintiff must make an exacting showing to avail himself of this grounds for tolling the statute of limitations.  For example, it is well-settled that the "continuing conduct of [a] defendant will not stop the ticking of the limitations clock [once] plaintiff obtained requisite information [to state a cause of action].  On

discovering an injury and its cause, a claimant must choose to sue or forego that remedy." Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) (quoting Kichline v. Consolidated Rail Corp., 800 F.2d 356, 360 (3d Cir. 1986)).  See also Lake v. Arnold,  232 F.3d 360, 266-68 (3d Cir. 2000).  Instead:

> The continuing violations doctrine is an "equitable exception to the timely filing requirement." West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir.1995). Thus, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1295 (3d Cir.1991).In order to benefit from the doctrine, a plaintiff must establish that the defendant's conduct is "more than the occurrence of isolated or sporadic acts." West, 45 F.3d at 755 (quotation omitted). Regarding this inquiry, we have recognized that courts should consider at least three factors: (1) subject matter-whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency-whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. See id. at 755 n. 9 (citing Berry v. Board of Supervisors of Louisiana State Univ., 715 F.2d 971, 981 (5th Cir.1983)). The consideration of "degree of permanence" is the most important of the factors. See Berry, 715 F.2d at 981.

Cowell v. Palmer Township. 263 F.3d 286, 292 (3d Cir. 2001).

In this case, the plaintiffs complain about the expulsion of Cesar Escudero-Aviles from the Milton Hershey School, an event which they previously identified as occurring in May 2009.  The plaintiffs' current amended complaint cannot avoid the

statute of limitations simply by now refusing to identify when these acts–which plaintiffs previously acknowledged took place more than two years ago–occurred.  To the extent that these actions entailed a violation of the plaintiffs' constitutional rights, that violation would have been apparent when it first occurred, and would have long ago had a degree of permanence which should have triggered the plaintiffs' awareness of their duty to assert their rights.  Thus, in this case a straightforward application of the two-year statute of limitations continues to compel dismissal of these claims as untimely.

### 3.    <u>The Request for Unliquidated Damages Is Improper</u>

Finally, we note that the plaintiffs' demand for specified compensatory damages from the defendant in the amount of $3,000,000, (Doc. 6), while less ambitious than their initial claims of $3,000,000,000 in damages, (Doc. 1), is nonetheless inappropriate under the rules of this Court.  Rule 12(f) of the Federal Rules of Civil Procedure imposes a duty on the Court to review pleadings and provides that the Court may upon its own initiative at any time order stricken from any pleading any immaterial matter. Fed. R. Civ. P. 12(f).  Decisions regarding whether claims may be stricken from a complaint are properly presented to a United States Magistrate Judge for determination in the first instance. <u>Singh v. Superintending School Committee of the City of Portland</u>, 593 F. Supp. 1315 (D. Me. 1984).  In this case, the plaintiff's claim for a specified amount of unliquidated damages violates Local Rule 8.1 which

provides, in part, that: "The demand for judgment required in any pleading in any civil action pursuant to Fed. R. Civ. P. 8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief *but shall not claim any specific sum where unliquidated damages are involved*. The short plain statement of jurisdiction, required by Fed. R. Civ. P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other." Local Rule 8.1 (emphasis added). Since this prayer for relief violates Local Rule 8.1 by specifying a particular amount of unliquidated damages, it is further recommended that this specific dollar claim be stricken from the complaint.

We recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, See Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  In this case, the plaintiffs were given prior leave to amend their complaint, but to no avail.  Since this latest *pro se* complaint still does not comply with these pleading rules, and does not contain sufficient factual recitals to state a claim upon which relief may be granted, these allegations should be dismissed under 28 U.S.C. § 1915A, and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Moreover, since the factual and legal grounds proffered in support of the complaint make it clear that the plaintiffs have no right to

relief, granting further leave to amend would be futile or result in undue delay. <u>Alston</u>

<u>v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004).  Therefore, it is recommended that the

complaint be dismissed without further leave to amend.

### III.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the

plaintiffs' amended complaint (Doc. 6) should be dismissed with prejudice.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen
> (14) days after being served with a copy thereof. Such party shall file
> with the clerk of court, and serve on the magistrate judge and all parties,
> written objections which shall specifically identify the portions of the
> proposed findings, recommendations or report to which objection is
> made and the basis for such objections. The briefing requirements set
> forth in Local Rule 72.2 shall apply. A judge shall make a de novo
> determination of those portions of the report or specified proposed
> findings or recommendations to which objection is made and may
> accept, reject, or modify, in whole or in part, the findings or
> recommendations made by the magistrate judge. The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis of
> that record. The judge may also receive further evidence, recall witnesses
> or recommit the matter to the magistrate judge with instructions.

Submitted this 5th day of December 2011.

*S/Martin  C.   Carlson*
Martin C. Carlson
United States Magistrate Judge