IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COSME CESAR ECUDERO-AVILES, ET AL., | : : : | No. 1:11-CV-1858 |
| Plaintiffs | : : | (Chief Judge Kane) |
| v. | : : | (Magistrate Judge Carlson) |
| MILTON HERSHEY SCHOOL, | : : | |
| Defendant | : | |

**MEMORANDUM**

Before the Court is Magistrate Judge Carlson's December 5, 2011, Report and Recommendation, recommending that Plaintiffs' complaint be dismissed with prejudice. (Doc. No. 8.) Plaintiffs filed objections to the Report and Recommendation on December 22, 2011. (Doc. No. 9.) For the reasons that follow, the Court will adopt the Report and Recommendation in part, and will dismiss the amended complaint with prejudice.

**I.     BACKGROUND**

On October 7, 2011, Cosme Cesar Escudero-Aviles ("Plaintiff Cesar") and his mother, Sylvia Aviles-Escudero ("Plaintiff Sylvia"), filed a complaint with the Court, alleging that a number of state torts were committed by Defendant Milton Hershey School in connection with the May 2009 expulsion of Plaintiff Cesar, stemming from an altercation between Plaintiff Cesar and another student. (Doc. No. 1.) Magistrate Judge Carlson recommended that the complaint be dismissed without prejudice, as it only articulated state law claims and was time-barred. (Doc. No. 4.) The Court adopted the Report and Recommendation, dismissing the complaint, but permitting Plaintiffs to file an amended complaint. (Doc. No. 5.) On November 25, 2011,

1

Plaintiffs filed an amended complaint, adding four federal causes of action, consisting of three claims brought pursuant to 42 U.S.C. § 1983 and one claim brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA").  (Doc. No. 6.)  The amended complaint also alleged state-law causes of action for negligence, fraudulent misrepresentation, breach of fiduciary duty, unlawful imprisonment, and negligent infliction of emotional distress.  (Id.)  On December 5, 2011, Magistrate Judge Carlson recommended that the amended complaint be dismissed with prejudice.  (Doc. No. 8.)  On December 22, 2011, Plaintiffs filed a set of objections to the Report and Recommendation.  (Doc. No. 9.)

## II.    STANDARD OF REVIEW

The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations.  In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1).

A court must review the complaint of a plaintiff seeking to proceed in forma pauperis prior to service of process under 28 U.S.C. § 1915(e).  If the court determines that an action fails to state a claim on which relief may be granted, dismissal of that claim is required.  28 U.S.C. § 1915(e)(2)(B) (ii); see also id. § 1915A(b)(1).  The standard of review for failure to state a claim in this context is the same as the standard governing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Grayson v. Mayview State Hosp., 293 F.3d 103, 110 (3d Cir. 2002).  Thus, dismissal is proper when the defendants are entitled to judgment as a matter of law.  See Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  To avoid

dismissal, the complaint must contain allegations sufficient to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Essentially, a plaintiff must "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997).

### III. DISCUSSION

In his Report and Recommendation, Magistrate Judge Carlson recommended that the amended complaint be dismissed with prejudice, as Plaintiffs had failed to state a federal cause of action, and as the action was time barred. (Doc. No. 8.) On December 22, 2011, Plaintiffs filed objections to the Report and Recommendation. (Doc. No. 9.) First, Plaintiffs argue that Plaintiff Cesar was a minor at the time of the incident, thereby tolling the statute of limitations. (Id. ¶ 1.) Next, Plaintiffs contend that the Report and Recommendation "failed to address the allegations in the core averments of state action." (Id. ¶ 2.) Plaintiffs also request counsel, or to be "given sufficient time to properly research formats, legal terminology, and sufficiently allege and articulate the state action in this case." (Id. ¶ 3.) Finally, Plaintiffs address their request for unliquidated damages, stating that they are "in no way, shape, or form seeking a ridiculous amount of damages" and asking the Court for a chance to amend their request for unliquidated

damages. (Id. ¶ 4.) The Court will consider each of Plaintiffs' objections in turn.

### A. Statute of Limitations

In his Report and Recommendation, Magistrate Judge Carlson recommended that Plaintiffs' case be dismissed as time-barred. (Doc. No. 8 at 12-16.) Magistrate Judge Carlson explained that Plaintiff Cesar's expulsion, which allegedly occurred in May of 2009, occurred more than two years before Plaintiffs filed their complaint, on October 7, 2011. (Id. at 14.) In response, Plaintiffs argue that the case is not time-barred, as the statute of limitations was tolled until Plaintiff Cesar turned 18, which Plaintiffs allege occurred less than two years before October 7, 2011. (Doc. No. 9 ¶ 1.) The Court agrees that Plaintiff Cesar's claims in the amended complaint should not be dismissed as time-barred.

Civil rights claims in Pennsylvania are subject to a two-year statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 276 (1985) (holding that for section 1983 actions, courts should apply the state statute of limitations applicable to personal injury torts); 42 Pa. Cons. Stat. § 5524. However, "[i]f an individual entitled to bring a civil action is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced." 42 Pa. Cons. Stat. § 5533. Instead, the statute of limitations does not start to accrue until the individual turns eighteen. Id.

Here, Plaintiffs alleged that Plaintiff Cesar's expulsion, which is the event forming the basis of this lawsuit, occurred in May of 2009. (Doc. No. 6 ¶ 76.) Plaintiffs also alleged that, at the time of all of the events in the complaint, Plaintiff Cesar was a minor. (Id. ¶ 2.) In their objections, Plaintiffs alleged that on October 7, 2011, the date on which Plaintiffs commenced this action, Plaintiff Cesar had not yet reached the age of twenty. Thus, the Court is satisfied that

Plaintiffs have alleged sufficient facts to avoid dismissal of Plaintiff Cesar's claims in the amended complaint as time-barred, and the Court will not adopt this portion of the Report and Recommendation. Nonetheless, Plaintiffs' federal claims fail as a matter of law.

### B. State Action

Magistrate Judge Carlson also recommended that the claims in Counts VI, VII, and IX, brought pursuant to 42 U.S.C. § 1983, be dismissed because Defendant Milton Hershey School is not a state actor. (Doc. No. 8 at 9-12.) In their amended complaint, Plaintiffs alleged that Defendant Milton Hershey School is a state actor, as it is regulated by the state. (Doc. No. 6 ¶¶ 221-35.) Plaintiffs objected to Magistrate Judge Carlson's recommendation, arguing that "[t]he Defendant and the Attorney General concur with [their] position" regarding state action." (Doc. No. 9 ¶ 2.) In support of their objection, Plaintiffs refer the Court to Exhibit L to their amended complaint. (Doc. No. 6-1 at 31.) Exhibit L contains two letters, the first of which is an opinion letter from Attorney Gilbert Nurick to the Board of Milton Hershey School, dated May 13, 1968, recommending that the board admit "non-white boys," and concluding that "there has been . . . substantial state participation in the administration of Milton Hershey School and that the exclusion of non-white boys by the School constitutes a violation of the equal protection clause of the Fourteenth Amendment." (Id. at 32, 47.) The second letter is a June 4, 1968 opinion letter from William C. Sennet, the Attorney General of Pennsylvania at the time, to the Board, in which he agreed that "there exists a significant and substantial State involvement in connection with the Milton Hershey School." (Id. at 49, 54.) The Court will overrule the objection, and adopt this portion of the Report and Recommendation.

To state a cause of action under Section 1983, a plaintiff must establish that a person

acting under color of state law violated a right secured by the Constitution or the law of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). In other words, a plaintiff must establish that the defendants are state actors. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). In the context of Section 1983 litigation, private schools are not ordinarily considered state actors, and their actions are not ordinarily considered state action. See Robert S. v. Stetson School, 256 F.3d 159 (3d Cir. 2001) (citing Rendell-Baker v. Kohn, 457 U.S. 830 (1982)). While private schools are regulated by the state, the fact that private parties are regulated by the state does not convert them into state actors. See Leshko v. Servis, 423 F.3d 337 (3d Cir. 2005) (foster parents are not state actors under Section 1983 despite state regulation). In Rendell-Baker, the Supreme Court held that New Perspectives, a private school that was regulated by the state, was not a state actor because the challenged conduct "was not compelled or even influence by any state regulation," and because the school was not performing a function that was "traditionally the exclusive prerogative of the state." 457 U.S. at 840-42. The Court went on to explain that the fact that "a private entity performs a function which serves the public does not make its acts state action." Id. at 842.

Here, Defendant Milton Hershey School is a private school, and Plaintiffs have failed to allege facts to support a finding that it was acting under color of state law. While Defendant Milton Hershey School is regulated by the state, and performs a function that serves the public, Plaintiffs do not allege that the act of expelling Plaintiff Cesar was "compelled or even influenced by state regulation," and was not a function that was "traditionally the exclusive prerogative of the state." See id. Thus, Plaintiffs have not pleaded a valid Section 1983, as they have not alleged facts to support a finding that the challenged conduct was performed under

color of state law. Accordingly, the Court will adopt this portion of the Report and Recommendation, and dismiss with prejudice Plaintiffs' Section 1983 claims in Counts VI, VII, and IX.

### C.     Request for Counsel

Plaintiffs' next objection is a request for counsel, or for additional time. (Doc. No. 9 ¶ 3.) Whether or not to appoint counsel rests in the sound discretion of the Court. "Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). However, "[i]f the district court determines that the plaintiff's claim has arguable merit in fact and law, the court should then consider a number of additional factors." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). Because the Court finds that Plaintiffs' federal claims lack merit, the Court will deny Plaintiffs' request for counsel.

### D.     Liquidated Damages

Next, Plaintiffs ask for a chance to amend their request for unliquidated damages. (Doc. No. 9 ¶ 4.) In his Report and Recommendation, Magistrate Judge Carlson recommended that Plaintiffs' request for unliquidated damages be stricken from the amended complaint. (Doc. No. 8 at 16-17.) Local Rule 8.1 provides that a demand for judgment "shall not claim any specific sum where unliquidated damages are involved." Pa. M.D. L.R. 8.1. After a de novo review of this portion of the Report and Recommendation, the Court will overrule this objection. Accordingly, the Court will adopt this portion of the Report and Recommendation, and strike Plaintiffs' request for unliquidated damages.

### E.     Remaining Claims

Magistrate Judge Carlson's Report and Recommendation recommends that Plaintiffs' state-law claims be dismissed, as the Court lacks subject matter jurisdiction over those claims. (Doc. No. 8 at 7-8.) Plaintiffs do not object to this portion of the Report and Recommendation, and the Court will adopt it in full. However, the Report and Recommendation does not discuss whether Plaintiffs' federal ADA claim in Count VIII states a claim upon which relief can be granted. The Court has reviewed Plaintiffs' ADA claim, and finds that it fails as a matter of law.

Count VIII of Plaintiffs' complaint contains the caption "violation of Americans with Disabilities Act – in Tort," and purports to state a discrimination claim under the ADA. (Doc. No. 6 ¶¶ 278-82.) Plaintiffs allege that Plaintiff Sylvia was disabled, and that her disability "led to a change in houseparent's [sic] and administrator's [sic] attitude towards Cesar." (Id. ¶ 279.) Plaintiffs allege that Plaintiff Cesar should not have been sent home "to his sickly mother whose health has degraded and disabilities have worsened." (Id. ¶ 280.) Plaintiffs further allege that Defendant Milton Hershey School violated the ADA, and that Plaintiff Cesar was "placed in jeopardy by being sent home." (Id. ¶¶ 281-82.)

"Under Title III of the ADA, it is unlawful for a public accommodation to discriminate against an individual on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations." Regents of Mercersburg College v. Republic Franklin Ins. Co., 458 F.3d 159, 164 (3d Cir. 2006). A private school is a place of public accommodation, and thus is required to comply with the ADA. Id. To state a claim under Title III of the ADA, a plaintiff must establish that he or she: (1) has a disability; (2) was discriminated against on the basis of that disability; (3) was thereby denied goods or

services; (4) by a place of public accommodation by the owner or operator of that facility. Sharrow v. Bailey, 910 F. Supp. 187, 191 (M.D. Pa. 1995).

Here, Plaintiffs fail to state a claim under Title III of the ADA. Plaintiffs do not allege that Plaintiff Cesar had a disability, nor do they allege that Plaintiff Sylvia experienced discrimination. Plaintiffs merely allege that Plaintiff Sylvia's disability "led to a change in houseparent's [sic] and adiminstaror's [sic] attitude towards Cesar." (Doc. No. 6 ¶ 279.) Thus, Plaintiffs have failed to allege that either Plaintiff Cesar or Plaintiff Sylvia were denied goods or services because of a disability that they had. Accordingly, the Court finds that Plaintiffs have failed to state a claim under the ADA.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs have failed to allege a federal cause of action. The Court does not have jurisdiction to review Plaintiffs' state-law claims. Plaintiffs have already been given leave to amend their complaint; however, their amended complaint does not contain sufficient factual recitals to state a claim upon which relief can be granted by this Court. Thus, the Court will dismiss the complaint under 28 U.S.C. § 1915(e). Any further leave to amend would be futile or result in undue delay. Thus, the Court will dismiss the complaint with prejudice. An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COSME CESAR ECUDERO-AVILES,** | : | |
| <u>ET</u> <u>AL.</u>**,** | : | No. 1:11-CV-1858 |
| | : | |
| **Plaintiffs** | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **MILTON HERSHEY SCHOOL,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

**ACCORDINGLY**, on this 13th day of January, 2012, **IT IS HEREBY ORDERED** that Magistrate Judge Carlson's Report and Recommendation (Doc. No. 8) is **ADOPTED IN PART** consistent with the foregoing memorandum, and Plaintiffs' amended complaint (Doc. No. 6) is **DISMISSED** with prejudice.  The Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
